## COMMONWEALTH *vs.* DERRICK TYLER.

Suffolk. May 5, 1994. - June 16, 1994.

Present: WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Identification. Evidence*, Identification, Photograph. *Due Process of Law*, Identification. *Practice, Criminal*, Assistance of counsel, Instructions to jury, Capital case. *Constitutional Law*, Assistance of counsel. *Joint Enterprise*.

The judge at a criminal trial correctly denied the defendant's motion to suppress identifications of him where the defendant did not demonstrate that there was any suggestiveness in the initial photographic identification, subsequent photographic identifications by other witnesses, or in later in-court identifications [145]; and the judge correctly denied the defendant's motion for new trial brought on the same ground [145].

There was no merit to a criminal defendant's claims that his trial counsel was ineffective by reason of alleged deficiencies in closing argument or failure to request certain jury instructions that were not supported by the evidence. [145-146]

At a murder trial the jury were warranted in finding a joint venture to kill the victim. [146]

The issue of error, if any, in the judge's supplemental instructions to the jury at a murder trial was waived where the defendant did not object at trial or raise the question in his motion for new trial. [146]

There was no basis in law to support a criminal defendant's claim that the trial judge should have supplemented the record of a murder trial. [146]

INDICTMENT found and returned in the Superior Court Department on July 26, 1989.

The case was tried before *John J. Irwin, Jr.*, J., and a motion for a new trial was heard by him.

*Esther J. Horwich* (*Steven J. Brooks* with her) for the defendant.

*Paul B. Linn*, Assistant District Attorney, for the Commonwealth.

NOLAN, J. The defendant was indicted, tried, and found guilty of murder in the first degree. The defendant's motion for a new trial was denied. There was no error. We review his conviction pursuant to G. L. c. 278, § 33E (1992 ed.), and we leave it undisturbed.

A jury were warranted in finding that Scott Gomes, the victim, was attacked and stabbed to death by a group of young men in the Roxbury section of Boston on May 22, 1989. Dana Fisher was driving his Suzuki Sidekick vehicle on Normandy Street in Roxbury when the defendant called out Fisher's name and asked for a ride to Dale Street, the location of which Fisher was uncertain. The defendant said that he would show Fisher the way. Fisher agreed and the defendant, with several other men, climbed into the vehicle. The defendant sat in the front passenger seat and directed Fisher to stop on Dale Street near Washington Street. One of the men in the back seat yelled, "There's Scottie." Thereupon, all the men except Fisher, the driver, jumped out of the vehicle and ran in the direction of Dale and Regent Streets where Scott Gomes was talking to a man called "Deek." A man named Tony Murrell, standing near Scott Gomes, saw the vehicle with "about eight" men in it and the defendant in the front passenger seat.

When Gomes saw the vehicle, he began to run and the men who had jumped from the vehicle pursued him up Dale Street toward Washington Park. While running, the men were "flicking knives out." The defendant was leading the charge with a knife in his hand. They captured Gomes, stabbed him repeatedly and ran off, leaving Gomes "covered in blood." The defendant and the other men were observed "making little cheering noises" after the attack with knives still in their hands. There was blood on the defendant's knife after the attack.

The autopsy revealed a knife wound to the chest, piercing the heart, and seven other knife wounds: two shallow wounds to the back and thigh and five defensive wounds to the hands.

We shall address each of the defendant's claims of error.

1. *Identification procedure.* The defendant claims error in the identification procedure. The judge was warranted in finding that there was nothing suggestive in the photographic identification by Fisher who saw the defendant on the day of the murder, drove him to the area of the attack, had known the defendant about one year and "knew him to recognize him." Fisher recognized and identified a photograph of the defendant from an array in a photograph book at the police station shortly after the day of the murder. No one directed his attention to the defendant's photograph.

The judge was also warranted in concluding that the selection of the defendant's photograph from an array at the police station by other witnesses was similarly untainted and that the courtroom identification by witnesses was untainted. During voir dire, the identification witnesses picked the defendant out from among several spectators. The trial judge, who heard the motion for a new trial, noted that the defendant, who is a black male, was seated in the rear of the courtroom where there were several black males among the spectators.

Great precaution was taken to provide for a fair identification. The judge was warranted in concluding that the defendant failed to demonstrate any suggestiveness. See *Commonwealth* v. *Holland*, 410 Mass. 248, 253 (1991), and cases cited.

The defendant's motion for a new trial was based on the same arguments of suggestiveness. For the same reasons, we hold that there was no error in the denial of the motion for a new trial.

2. *Ineffective assistance of counsel.* The defendant argues that trial counsel's closing argument concerning the impact of the testimony of a Commonwealth witness was ineffective. There is no merit to this argument because trial counsel tried valiantly to discredit the witness, pointing out weaknesses in his testimony, his criminal record, drug use, and favorable treatment by police.

There is no merit to the defendant's assertion that trial counsel in his closing argument suggested a lower burden of

proof than proof beyond a reasonable doubt. Nor was trial counsel ineffective in not requesting a self-defense instruction where the evidence did not suggest even a hint of it. See *Commonwealth* v. *Blake*, 409 Mass. 146, 158 (1991), and cases cited.

All other arguments of ineffective assistance of counsel are similarly without merit.

3. *Joint venture.* The evidence points unequivocally to the fact that the defendant was the leader of the gang that murdered Gomes. The jury were warranted in finding a joint venture.

4. *Supplemental instructions.* The defendant did not object to the judge's supplemental instructions to the jury, see *Commonwealth* v. *Colon-Cruz*, 408 Mass. 533, 559-560 (1990), nor raise the question in his motion for a new trial, see *Commonwealth* v. *McLaughlin*, 364 Mass. 211, 229 (1973). Furthermore, the judge's supplemental instructions were clearly correct on the question of the difference between murder in the first degree and murder in the second degree.

5. *Supplementation of the record.* There is no authority to support the defendant's claim that the judge should have supplemented the record.

6. *Statutory review.* There is nothing in the record of this case which persuades us to grant relief under G. L. c. 278, § 33E.

*Judgment affirmed.*
*Order denying motion for a new*
*trial affirmed.*